**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS SAUL LOERA LUJAN, | No. 06-74112 |
| Petitioner, | Agency No. A096-057-881 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Luis Saul Loera Lujan, a native and citizen of Mexico, petitions pro se for review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The IJ did not err in denying Lujan's request to present additional evidence after the BIA's limited remand.  The BIA vacated its prior decision only "insofar as it entered an order of removal," and limited the scope of the remand to proceedings consistent with *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 941 (9th Cir. 2004), *overruled by Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc).  *See Fernandes v. Holder*, 619 F.3d 1069, 1072-74 (9th Cir. 2010).  It follows that Lujan failed to establish a due process violation.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Lujan's contentions that the BIA summarily dismissed his appeal or that the agency failed to provide reasoned decisions are belied by the record.

Lujan's contention that the IJ's refusal to consider voluntary departure on remand violated due process is without merit, where Lujan does not challenge the BIA's determination that Lujan waived the issue by not formally applying for such relief before the IJ.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to review the BIA's determination that Lujan failed to establish the requisite hardship for cancellation of removal, *see Romero-Torres v.*

*Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003) (holding that the court lacks jurisdiction to review the BIA's exceptional and extremely unusual hardship determination), and his unexhausted contention that the BIA violated its regulations by reversing the IJ's decision in a single member order, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**